PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA SPEARS, | ) | CASE NO. 5:09-CV-02211 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JACK ZOUHARY |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| MICHAEL J. ASTRUE, Commissioner of Social Security | ) | BENITA Y. PEARSON |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |

On September 24, 2009, Plaintiff Debra Spears, *pro se*, filed a complaint seeking judicial review of an unfavorable decision by the Commissioner of Social Security ("Commissioner") pursuant to 42 U.S.C. § 405(g). ECF No. 1. On September 25, 2009, this matter was automatically referred to the undersigned Magistrate Judge, pursuant to Local Rule 72.2. The Commissioner filed an answer and transcript on December 22, 2009. ECF No. 10. Pursuant to the undersigned's Initial Order, Plaintiff had thirty days from the filing of the Commissioner's answer to file a brief on the merits.[1] ECF No. 6 at 2. Plaintiff did not file a brief on the merits or seek an extension of time within which to do so.

On April 2, 2010, the undersigned issued a Show Cause Order giving Plaintiff ten days to file a brief on the merits, a motion for more time to file the brief, or to show cause why the undersigned should not recommend dismissing the case for want of prosecution. ECF No. 12. To date, the docket reflects that Plaintiff has not responded.

---

[1] The Initial Order, dated October 14, 2009, states: "[i]n the event plaintiff's brief on the merits is not filed within thirty (30) days after the filing of the answer, the case may be subject to dismissal for want of prosecution without further notice." ECF No. 6 at 2.

(5:09-CV-02117)

District courts have inherent power to *sue sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962).  Failure of a party to respond to an order of the court warrants invocation of the court's inherent power.  *See* Fed. R. Civ. P. 41(b).  The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 when there is a "clear record of delay or contumacious conduct by the plaintiff." Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980) (quoting Silas v. Sears, Roebuck & Co., 586 F.2d 382, 385 (5th Cir. 1978)).  "The key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement . . . or failure to comply with the pre-trial order." Carter, 636 F.2d at 161.

In this case, Plaintiff has failed to file a brief on the merits within the time specified in the Court's initial order; has failed to respond to the undersigned's show cause order; and has, therefore, failed to prosecute her claim.  It is respectfully recommended that the entire matter be dismissed without prejudice for lack of prosecution.

IT IS SO ORDERED.

| | |
|---|---|
| October 19, 2010 | /s/ Benita Y. Pearson |
| Date | United States Magistrate Judge |

**OBJECTIONS**

Objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See* United States v. Walters, 638 F.2d 947 (6th Cir. 1981); *see also* Thomas v. Arn, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).